UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMUEL WILLIAM WRIGHT,<br><br>　　　　　　　　Defendant. | NO: 2:12-CR-49-RMP-3<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION |

BEFORE THE COURT is Samuel William Wright's ("Wright") Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines, **ECF No. 520**. The Court has reviewed the motion, the Government's response, ECF No. 521, and all other relevant filings and is fully informed.

## BACKGROUND

On September 4, 2013, Wright pleaded guilty to one count of Distribution of a Mixture or Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF No. 446. Wright's Base Offense Level

ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE
REDUCTION ~ 1

at the time of sentencing was 22.  ECF No. 466 at 9 (Amended Presentence Investigation Report); *see also* ECF No. 472 (Statement of Reasons adopting Presentence Investigation Report without change).  At sentencing, this Court determined that Wright was entitled to a 3-level reduction for acceptance of responsibility and timeliness pursuant to U.S.S.G. § 3E1.1(a)-(b).  *See* ECF Nos. 466 at 9; 472 at 1.  These adjustments resulted in a Total Offense Level of 19.  *See* ECF No. 472 at 1.

This Court concluded that the range of incarceration for a Total Offense Level of 19, coupled with Wright's criminal history category of IV, was 63 – 78 months.  ECF No. 472 at 1.  The Court sentenced Wright to 63 months' incarceration, 3 years of supervised release, a $100.00 special penalty assessment, and no fine.  ECF No. 472 at 1.

Wright moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782.  ECF No. 215.

**DISCUSSION**

A sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is appropriate when:  "(1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (citing 18 U.S.C. § 3582(c)(2)); *see*

*also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). The policy statement detailed in U.S.S.G. § 1B1.10 identifies the amendments that may be applied retroactively and describes the procedure for implementing the retroactive amendments. U.S.S.G. § 1B1.10(d).

Courts engage in a two-step inquiry in determining whether a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is proper. *Dillon*, 560 U.S. at 826. "A court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in 18 U.S.C. § 3553(a)." *Id.* Importantly, however, a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) does not permit a full re-sentencing of the defendant or a consideration of other sentencing factors outside of the scope of the applicable guidelines amendment. U.S.S.G. § 1B1.10(a)(3), (b)(1).

**A.    Eligibility for Sentence Reduction**

First, a defendant may be eligible for a sentence reduction if: (1) one of the amendments listed in U.S.S.G. § 1B1.10(d) applies to the defendant's conduct, (2) such reduction actually lowers the defendant's sentencing range, (3) such reduction does not lower the defendant's sentence to a term less than the minimum of the guidelines range, and (4) such reduction does not lower the defendant's sentence to

a term of incarceration less than the term of incarceration already served. *See* U.S.S.G. § 1B1.10(a)-(b). A further limitation is placed on drug offenses pursuant to Amendment 782 and prohibits a court from reducing a term of incarceration based on Amendment 782 unless the effective date of the court's order is November 1, 2015 or later. U.S.S.G. § 1B1.10(e)(1).

Both parties agree that Wright is eligible for a sentence reduction in accordance with Amendment 782 to the Sentencing Guidelines. ECF No. 295 at 2-3; ECF No. 296 at 3-5. Additionally, the parties agree that applying Amendment 782 to Wright's case reduces the base offense level from 22 to 20. ECF Nos. 520 and 521. After the 3-level reduction for acceptance of responsibility and timeliness pursuant to U.S.S.G. § 3E1.1(a)-(b), Wright's total offense level is 17. Coupled with Wright's criminal history category of IV, Wright's new amended sentencing range is 51 – 63 months. Therefore, the Court finds that Wright's lowest possible amended sentence is 51 months.

Returning to the factors regarding eligibility for sentence reduction, the Court finds that Wright is eligible. First, Wright's conduct is covered by Amendment 782, one of the listed retroactive amendments in U.S.S.G. § 1B1.10(d). Second, as discussed above, the reduction actually lowers Wright's sentencing range. Third, a reduction to as low as 51 months does not lower Wrights's sentence to a term less than the minimum of the guidelines range for a

Total Offense Level of 17, with a criminal history category of IV.  Fourth, a reduction to as low as 51 months would not lower Wright's term of incarceration to less than the term that he already has served.  Therefore, the Court finds that Wright is eligible for a sentence reduction under § 3582(c)(2).

**B.    Evaluation of 18 U.S.C. § 3553(a) Factors**

Second, once a defendant is deemed eligible for a sentence reduction, courts determine whether the reduction is warranted based on an evaluation of the 18 U.S.C. § 3553(a) sentencing factors.  18 U.S.C. § 3582(c)(2).  Though all of the 18 U.S.C. § 3553(a) are considered to the extent that they are applicable, courts shall pay particular attention to the nature and seriousness of the danger of the defendant to any person or the community that may be posed by a sentence reduction.  U.S.S.G § 1B1.10, comment (1)(B)(ii).  Additionally, courts may consider the post-sentencing conduct of the defendant that occurred after the imposition of the term of incarceration.  U.S.S.G. § 1B1.10, comment (1)(B)(iii).

Wright alleges that his behavior while in custody warrants a sentence reduction.  ECF No. 520 at 1-2.  Wright has participated in ten inmate education programs since his incarceration began.  ECF No. 520 at 2.  Furthermore, Wright has not incurred any reported disciplinary violations while incarcerated.  ECF No. 521 at 7.

The government contends that, despite Wright's clean record, a sentence reduction is inappropriate in this case because of Wright's criminal history. ECF No. 521 at 4-7. Wright's record contains numerous violations for driving without a license, driving while under the influence, theft, possession of narcotics or drug paraphernalia, and his recent conviction for distribution of heroin. ECF No. 521 at 6-7. However, the Court previously determined that, despite Wright's criminal history, a sentence at the bottom of the guideline range was appropriate. The Court finds that a similar sentence at the bottom of the guideline range is still appropriate.

After a consideration of the applicable 18 U.S.C. § 3553(a) factors, the Court finds that a reduction of Wright's sentence is warranted. As indicated by the sentencing adjustments, Wright accepted responsibility for the offense charged in a timely manner. Since his conviction, he has participated in several educational opportunities and not been involved in any disciplinary violations. Moreover, a 51-month term of incarceration is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). The reduced sentence also is sufficient to provide adequate deterrence to the defendant and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B)-(C).

Based on these considerations, the Court exercises its discretion to grant a sentence reduction in this case.

ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 6

Accordingly, **IT IS HEREBY ORDERED:**

1. Samuel William Wright's Motion for Sentence Reduction, **ECF No. 520**, is **GRANTED**.

2. Defendant Wright's sentence of incarceration is reduced to 51 months.

3. The effective date of this Order is November 1, 2015.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** this 21st day of July 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge